## Fry v. Jimmy Wilson Jr. Storage

*Russell F. Griest*, for plaintiff.

*Lewis P. Sterling*, for defendant.

BUCKINGHAM, J., April 8, 1968.—This case involves a contest between the plaintiff and defendant over

which one of them has equitable title to a tractor trailer operated by plaintiff but with legal, record title thereto being in defendant's name. Plaintiff claimed equitable title to the rig pursuant to an oral agreement with defendant, which was denied by defendant who claimed equitable as well as legal title to the equipment. The jury obviously favored plaintiff's version of the transaction since it rendered a verdict in his favor for $4,026.38. Defendant has filed motions for judgment n.o.v. and for a new trial, inter alia, on the usual grounds of the verdict being against the evidence, the weight of the evidence and the law. None of these has been briefed or argued by defendant so we shall consider them abandoned, although we might in passing observe that, under the evidence, they are without merit.

The only grounds pursued by defendant are two alleged errors by the trial judge. First, defendant attempted to introduce into evidence as part of one of defendant's books of original entry, a memorandum in the handwriting of defendant's deceased bookkeeper. The memorandum purports to set down the terms of the oral agreement between the parties and is, of course, favorable to defendant's position. It recites:

"Agreement with Fry

"He pays for Equipment plus all expenses for Gas & Oil, Repairs, Tolls and Etc. Taxes, Pa. License Plates, Insurance (Fire, Theft & Collision).

"He receives $100.00 per mo. allowance on equipment plus 75 percent of Line Haul Revenue on the amount we actually receive from Allied Van Lines as per statement rendered each month.

"The equipment remains the property of Jimmy Wilson, Jr. Storage".

The memorandum was undated, unsigned and was stapled to the book at pages dated almost one year after the oral agreement was entered into by the parties

and the purchase of the equipment. There was no testimony as to how, when or by whom the memorandum was attached to the book or that it was made in the regular course of business. The court, we believe rightfully, refused to admit the memorandum.

Section 2 of the Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, 28 PS §91b, provides:

"A record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were made such as to justify its admission".

In Williams v. Caples, 342 Pa. 230 (1941), the court held that the word "paid" in defendant's books was not admissible under the above act because it was not evidence of payment but merely the bookkeeper's record of a self-serving statement of a conclusion rather than a fact. In Grogan v. Michael, 349 Pa. 369 (1944), the court said that books of original entry are to be guardedly received since they are evidence made by a party for himself and very often incapable of being tested by other proof. Moreover, to be admissible as a business record under the Act of 1939, supra, there must be evidence that the memorandum was made at or near the time of the event: Githens, Rexsamer & Company, Inc., v. Maroney, 428 Pa. 201 (1968). In light of these decisions and the language of the act, it seems clear to us that defendant's memorandum in this case could not qualify as an admissible business record.

Secondly, defendant objected to the trial judge permitting the plaintiff to testify as to the value of the tractor trailer. Under the circumstances we see noth-

ing wrong with the court's ruling in this respect. It requires no citation of authority for the proposition that an owner of personal property may testify as to its value. It was made clear by the court to the jury that the jury must first find that plaintiff was the equitable owner of the property before it could consider his testimony as to its value. Indeed, the court affirmed one of defendant's points of charge which read, "Plaintiff must prove ownership before he is competent to testify as to its value". Since the jury obviously found that plaintiff was the real owner of the equipment, plaintiff's testimony as to its value must stand. For the reason above stated, the following order is hereby entered:

And now to wit, April 8, 1968, defendant's motions for judgment n.o.v. and for a new trial are overruled and refused and judgment is entered on the verdict in favor of plaintiff and against defendant in the sum of $4,026.38 and costs of suit.

An exception is granted to defendant.